**The below described is SIGNED.**

**Dated: March 20, 2012** 



_____
**JOEL T. MARKER
U.S. Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| In re: | Case No. 11-36099 |
|---|---|
| MIHAIL P. BLEGEANU<br>HATTIE S. BLEGEANU | Chapter 13 |
|  | Judge Joel T. Marker |
| Debtors. | (Confirmation Hearing: *02/21/12 at 10:00 AM*) |

### ORDER CONFIRMING DEBTORS' CHAPTER 13 PLAN

After notice to all parties in interest, and based on the Trustee's recommendation for confirmation, the Court finds that the Plan meets the requirements of 11 U.S.C. §§ 1322[1] and 1325 and hereby ORDERS AS FOLLOWS:

### CONFIRMATION OF THE PLAN

1.     The proposed Chapter 13 plan, as modified by this Order, is confirmed pursuant to § 1325 (hereinafter the "Plan"). Upon the entry of this Order, the effective date of confirmation shall relate back to the date of the confirmation hearing.

2.     Confirmation is not a binding determination that the Plan complies with the 36 to 60-month term limits of § 1322(d). If at any time the Trustee determines that the Plan is not feasible because its term is greater than 60 months, the Trustee may serve a Notice of Non-Compliance on the Debtors and Debtors' counsel. The Debtors will have 30 days from the service of such notice to file either an objection to claims or a motion to modify under § 1329 to bring the Plan into compliance with § 1322(d). If the issue is not resolved within such 30-day period, the Trustee may file a motion to dismiss or to convert.

---

[1] Unless otherwise stated, all statutory references are to 11 U.S.C. § \_\_\_.

### RETURN TO NONPRIORITY UNSECURED CREDITORS

3. The Plan shall return to nonpriority unsecured creditors the **greater of** the return provided for below or the minimum "Plan Base" calculated as follows: Plan Payments multiplied by the Applicable Commitment Period (36 or 60 months) plus all required contributions of Tax Refunds.

4. The Plan provides for a zero return ($0.00) to nonpriority unsecured creditors; however, the Debtor(s) must nonetheless continue to make plan payments for the length of the Applicable Commitment Period under § 1325(b)(4). Therefore, the Trustee will not disburse funds on allowed nonpriority unsecured claims unless, after the payment in full of the trustee's fee and allowed secured, administrative, and priority claims, the Debtors are still required to make payments into the plan under Applicable Commitment Period, in which case such additional amounts will be distributed *pro rata* to nonpriority unsecured creditors pursuant to § 1325(b)(1)(B), not to exceed 100% of the total allowed amount of such claims.

### APPLICABLE COMMITMENT PERIOD

5. Under § 1325(b)(4), the Debtors' Form 22C calculates that this is a below-median case with an Applicable Commitment Period of 36 months, commencing with the first-scheduled meeting of creditors under § 341. Pursuant to § 1325(b), the Debtors must make no less than 36 payments to the Plan in the amounts set forth below.

### REQUIRED PAYMENTS AND CONTRIBUTIONS TO THE PLAN

6. Plan Payments: By the 25th day of each month, the Debtors shall make the required Plan payment to the Trustee of $570.00 (hereinafter the "Plan Payments").

    a. Contribution to the Plan of Tax Refunds Over the Next Three Years. In addition to the monthly Plan Payments required above, the Debtors shall also pay into the plan the total amount of yearly state and federal tax refunds that in the aggregate exceed $1,000. If such tax refund includes amounts from the Earned Income Tax Credit (EITC) and/or the Additional Child Tax Credit (ACTC), Debtors may retain up to a maximum of $2,000 of the tax refund based on the following formula: the first $1,000 as provided above, plus the combined amount of the EIC and ACTC up to an additional $1,000 (maximum retained tax refund cannot exceed $2,000) (hereinafter "Tax Refunds").

However, the Debtors are <u>not</u> obligated to pay into the Plan tax refunds that have been properly offset by a taxing authority. This requirement applies to all tax refunds that the Debtors are entitled to receive during the three-year period starting with the petition date (e.g., tax returns for tax years 2011 through 2013), subject to the following conditions:

(1) Pursuant to § 521(f)(1), the Trustee's hereby requests copies of the first two pages of the Debtor's state and federal tax returns, with such copies to be provided on or before April 30th of each year that falls within this three-year period. Failure to comply with this deadline will result in the Trustee filing a Motion to Dismiss.

(2) The required Tax Refund contribution, as calculated above, shall be paid into the Chapter 13 plan not later than June 30th of that year. Failure to comply with this deadline will result in the Trustee filing a Motion to Dismiss.

(3) Tax Refunds paid into the plan may reduce the overall plan term if it is greater than thirty-six (36) months, but in no event shall the amount paid into the plan be less than thirty-six (36) plan payments plus all Tax Refunds required to be paid into the plan pursuant to the terms set forth above.

(4) If, after the completion of the Claims Review Process, the return to nonpriority unsecured creditors as set forth herein is the equivalent of a 100% return to such creditors, then the Trustee will have the discretion to issue a letter excusing the Debtors from compliance with this section of the confirmation order.

7. If during the term of the plan the Debtor files or amends tax returns for a prepetition tax year, the Debtor must provide the Trustee with the first two (2) pages of the federal and state tax returns within fourteen (14) days of their filing with the applicable taxing authority. Furthermore, any tax refunds must be paid to the Trustee within 7 days of the Debtor's receipt of the tax refund.

8. Within 30 days after receipt of the tax returns, the Trustee will calculate whether the best-interest-of-creditors test of § 1325(a)(4) requires a greater return to unsecured creditors and inform the Debtor and debtors' counsel if the plan must be modified. The Debtor will then have thirty (30) days to file a motion to modify the plan to provide for the return required by §

1325(a)(4) . Where possible, the Trustee will work with debtors' counsel to submit a stipulated order modifying the plan. If the Debtor fails to file such a motion to modify, the Trustee will move for dismissal.

9. All Plan Payments, Tax Refunds, or other monetary contributions made by the Debtors to the Plan are hereinafter referred to as the "Plan Contributions."

## CLASSIFICATION AND TREATMENT OF CLAIMS

10. <u>Trustee Fee</u>: The Trustee is allowed the commission authorized by 28 U.S.C. § 586. Any reference in the Plan to the percentage of such commission is an estimate only, and the Trustee's commission on each disbursement will be in the applicable amount fixed by the United States Attorney General.

11. <u>Attorney's Fees</u>: Debtors' counsel is awarded fees and costs in the total amount of $3,250.00 as an administrative claim under § 503(b). Pursuant to the Bankruptcy Rule 2016 Statement filed in this case, counsel received a prepetition retainer of $519.00; therefore, the balance of $2,731.00 will be paid through the Plan. This allowance of fees includes time for counsel to comply with the requirements of the Claims Review Process, as set forth below, but it does not limit counsel's option to seek additional fees after notice and a hearing on a fee application filed with the Court.

12. <u>Adequate Protection Payments</u>: Adequate protection payments under § 1326(a)(1)(C), are allowed in such amount as stated in the Plan or fixed pursuant to a Court order or stipulation between the parties.

13. <u>Secured Claims</u>: If a secured claim is provided for in the Plan or if a secured proof of claim is filed before the deadline to object to confirmation, the Trustee will set up a reserved, secured claim based on the greater of the Plan terms or the proof of claim. The Trustee shall disburse on secured claims only if <u>all</u> of the following conditions are met: (a) the Plan specifically provides that the Trustee shall disburse on the secured claim; (b) the secured claim is allowed under 11 U.S.C. §§ 502(a) and 506(a), meaning a secured proof of claim has been timely filed, or the claim has been allowed by court order; and (c) there is no pending objection or motion with respect to such proof of claim under Bankruptcy Rules 3007 (objection to claim) or 3012 (motion to value collateral). All disbursements are subject to the Trustee having received

monthly Plan Contributions. If the Plan provides for a secured claim, but such creditor files an unsecured claim, and such unsecured claim is deemed allowed under § 502(a) as of the completion of the Claim's Review Process (see below), the Trustee shall at that time remove the reserved, secured status of this claim and shall administer such claim as a nonpriority unsecured claim pursuant to the terms of the Plan.

14. <u>Mortgage Arrearage Claims</u>.

a. If a proof of claim is filed asserting a mortgage arrearage, but such claim is not provided for in the confirmed Plan, the Trustee will set up a reserve claim consistent with the proof of claim. The Plan must be modified under § 1329 to provide for the payment of the arrearage claim no later than 30 days after the filing of the Trustee's Report of Claims, or the Trustee will remove the reserve claim and no disbursements will be made on the filed arrearage claim. If the Plan is timely modified to authorize payment of the mortgage arrearage claim, the Trustee will disburse on such claim pursuant to the creditor name and address and the amount of the arrearage in the proof of claim.

b. The Trustee will cease any disbursements on a mortgage arrearage claim when an objection is filed to such proof of claim. The Trustee will likewise modify disbursements on a mortgage arrearage claim provided for in the Plan if such proof of claim is amended otherwise modified by Court order.

15. <u>Secured Tax Claims</u>: Any allowed secured tax claim filed by a governmental unit shall be paid the secured amount as set forth on the proof of claim, unless the Debtors' Plan specifically modifies the amount of the secured tax claim by setting forth different treatment of the claim in paragraph 6(c) of the Debtors' Chapter 13 Plan. Secured claims of governmental entities will be paid at the interest rate stated in the proof of claim, or, if no interest rate is stated in the proof of claim, at the estimated statutory rate. Nothing in this paragraph shall prohibit the Debtors from filing a timely objection to a deemed-allowed secured tax claim, or prohibit a governmental unit from amending its secured tax claim.

16. <u>Rulings on Secured Claims</u>. The Court hereby makes the following rulings on secured claims provided for by the Plan.

a. <u>Secured Claim of America First Credit Union, (Claim No. 11 and its</u>

amendments). The Plan provides for the valuation of the collateral securing the claim of America First Credit Union and proposes an interest rate for such secured claim. Because no timely objection was filed to this proposed plan treatment, the collateral of America First Credit Union is valued at $10,500.00 and the resulting secured claim will accrue interest at the rate of 4.50% per annum. The Trustee will set up a reserve, secured claim based on these figures, and after an allowed proof of claim is filed, the Trustee will disburse on such secured claim pursuant to the above-stated rulings on value and interest rate. The unsecured balance of such claim will be fixed based on any filed and allowed proof of claim or by subsequent order of the Court.

     b. Secured Claim of America First Credit Union, claim holder of the 2006 VW Jetta (Claim No. 10 and its amendments). The Plan provides for the valuation of the collateral securing the claim of America First Credit Union and proposes an interest rate for such secured claim. Because no timely objection was filed to this proposed plan treatment, the collateral of America First Credit Union is valued at $9,100.00 and the resulting secured claim will accrue interest at the rate of 4.50% per annum. The Trustee will set up a reserve, secured claim based on these figures, and after an allowed proof of claim is filed, the Trustee will disburse on such secured claim pursuant to the above-stated rulings on value and interest rate. The unsecured balance of such claim will be fixed based on any filed and allowed proof of claim or by subsequent order of the Court.

     c. Secured Claim of RC Willey (Claim No. 6 and its amendments). The Plan provides for the valuation of the collateral securing the claim of RC Willey and proposes an interest rate for such secured claim. Because no timely objection was filed to this proposed plan treatment, the collateral of RC Willey is valued at $1,231.32 and the resulting secured claim will accrue interest at the rate of 6.00% per annum. The Trustee will set up a reserve, secured claim based on these figures, and after an allowed proof of claim is filed, the Trustee will disburse on such secured claim pursuant to the above-stated rulings on value and interest rate. The unsecured balance of such claim will be fixed based on any filed and allowed proof of claim or by subsequent order of the Court.

17. <u>Domestic Support Obligations</u>: Allowed, unsecured domestic support obligation claims entitled to priority under § 507(a)(1)(A) and (B) shall be paid in full.

18. <u>Unsecured Tax Claims</u>:

    a. If any additional tax liability is determined to be due after confirmation of the Plan, the Debtors may elect to modify the Plan under § 1329 to include payment of such liability.

19. <u>Nondischargeable Student Loan Claims</u>. Allowed claims for student loan obligations shall be treated as nonpriority unsecured claims. To the extent such claims are nondischargeable under 11 U.S.C. §§ 1328(a)(2) and 523(a)(8), the Debtors shall remain liable on such claims after completion of the Plan.

20. <u>Conditions for Disbursements on Unsecured Claims</u>. Disbursements on allowed priority and nonpriority unsecured claims may commence within 45 days after the filing of the Trustee's Report of Claims referenced herein, subject to the following: (a) there are no unresolved objections to the Trustee's Report of Claims; (b) the unsecured claim is entitled to a disbursement under the Plan and priority provisions set forth herein; and (c) funds are available for the Trustee to make a distribution.

## DISTRIBUTIONS ON ALLOWED CLAIMS

21. The Trustee will disburse all contributions to the Plan, include Plan Payments and Tax Refunds, pursuant to the following levels and priority of distribution:

    <u>Trustee's Fee</u>. The Trustee shall collect the percentage fee on each disbursement in this case pursuant to § 1326(b)(2) and the applicable percentage set by the U.S. Trustee; then

    <u>Class 1</u>: Monthly attorney fee payments provided under the Plan, if any, and Adequate Protection Payments and Equal Monthly Payments pursuant to the amounts and timing provided in the confirmed Plan until each required monthly payment has been paid in full;

    <u>Class 2</u>: Pro rata attorney's fees provided under paragraph 5, if any, until paid in full;

<u>Class 3</u>:   Priority Domestic Support Obligations under § 507(a)(1) until paid in full;

<u>Class 4</u>:   Secured Claims paid by the Trustee that are not entitled to Adequate Protection Payments or Equal Monthly Payments until paid in full;

<u>Class 5</u>:   Other priority claims until paid in full; then

<u>Class 6</u>:   Nonpriority unsecured claims until paid the return provided in the Plan.

a. Administrative Provisions Regarding Adequate Protection And Equal Monthly Payments:

(1)   If monthly Adequate Protection Payments or Equal Monthly Payments are specified on a claim, such monthly payments must be current in that all monthly payments due through the date of distribution shall be paid, but such claim need not be paid in full before distributions can be made to lower-level Classes. After the full payment of allowed attorney's fees, the Trustee may, but is not required to, disburse to creditors with designated Adequate Protection or Equal Monthly Payments amounts greater than such designated payments to facilitate the prompt administration of the case. To the extent there are insufficient funds to make the required Adequate Protection or Equal Monthly Payments to all creditors in a particular class, the Trustee shall make a pro-rata distribution to such class. Unpaid portions of Adequate Protection or Equal Monthly Payments from a prior month will first be brought current before disbursements are made to lower classes, and Adequate Protection Payments will be brought current before disbursements are made on Equal Monthly Payments.

(2)   If no monthly payments are specified on a claim, payments will be paid pro rata within the designated class, and a higher-level Class will be paid in full pursuant to the Plan before distributions will be made to a lower-level Class.

**CLAIMS REVIEW PROCESS**

22. <u>Claims Review Process</u>.   Within 60 days following the expiration of the bar date for governmental units to file claims under Bankruptcy Rule 3002(c)(1) – generally 180 days after the petition date – (hereinafter the "Governmental Bar Date"), the Debtors shall file with the

Court and serve on the Trustee a declaration that all claims have been reviewed and that any appropriate objections have been filed and noticed for a hearing.

23. <u>Trustee's Report of Claims</u>.  Within approximately 120 days following the expiration of the Governmental Bar Date, or at such time as all claim issues are resolved, the Trustee may file and serve on all parties-in-interest a Trustee's Report of Claims that will include a list of claims filed in the case, the amount of such claims, and their treatment under the confirmed Plan (e.g., secured, priority, allowed, disallowed, etc.).  If no objection is filed to the Trustee's Report of Claims within 30 days after service thereof, it shall be deemed final and incorporated into this Order.  If a written objection to the Trustee's Report of Claims or an objection to a claim is filed within such 30-day period, the Trustee will file and serve an Amended Trustee's Report of Claims within 30 days after resolution of the objections or motions.  Any such written objection to the Trustee's Report of Claims must be noticed for a hearing to be held within 30 days after its filing.  If no written objection to the Amended Trustee's Report of Claims is filed within 30 days after service, it shall be deemed final and will be incorporated into the confirmation order.

24. <u>Untimely Claims</u>.  Unless otherwise ordered by the Court, the Trustee will not disburse on any claim that is filed after the applicable deadline of Bankruptcy Rule 3002.

### ADMINISTRATIVE PROVISIONS

25. If the Trustee has filed an objection to an exemption claimed on Schedule C, and such exemption is not specifically ruled on by the Court in connection with confirmation of the Plan, then the Trustee's objection shall remain pending, including for purposes of any motion to modify under § 1329 or in connection with any conversion to another Chapter under the Bankruptcy Code.

26. The Trustee is granted authority to set procedures for making disbursements under the Plan.  Such disbursements shall be made in a manner consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Trustee's Report of Claims as incorporated into this Order pursuant the provisions set forth above.

27. If this case is dismissed or converted to another Chapter under the Bankruptcy Code, any Plan Contributions received by the Trustee prior to the entry of an order of conversion or dismissal shall be paid to creditors pursuant to the Plan, while payments received after the entry

of such order shall be refunded to the Debtors. In making any final disbursement under this paragraph, the Trustee is hereby authorized to decline to disburse funds on any unsettled, contingent, disputed, duplicate, unliquidated, late-filed or otherwise legally insufficient claim, including where a disbursement check on a claim has been returned to the Trustee as undeliverable by the United States Mail.

28. In the event an error is made in disbursements to creditors, the Trustee may, without prior notice to parties-in-interest, rectify such errors by any legal means including offsets and surcharges against future disbursements in this case owing to the creditor who received the erroneous disbursement.

29. During the term of the Plan, the Debtors shall not sell or transfer property of the estate or collateral provided for in the Plan without a Court order under § 363 and prior written notice to the Trustee. A creditor shall not accept any insurance or sale proceeds from collateral provided for in the Plan unless an amended proof of claim is filed with the Court and prior written notice thereof is provided to the Trustee. If the Plan provides that the Trustee will make disbursements on a specific claim, and that claim is paid from another source, the Trustee shall nonetheless be entitled to the statutory commission on such amount as would have been disbursed by the Trustee under the Plan. At confirmation, property of the estate vests pursuant to the terms of the Plan and § 1327.

30. During the term of the Plan, the Debtors shall not incur any new material debt without a Court order under § 364.

31. If after confirmation of the Plan, a creditor amends its timely, allowed proof of claim, the Trustee shall give notice to counsel whether such amended proof of claim, if allowed, causes the Plan to be unfeasible. If the amended claim does not render the Plan unfeasible, and if the Trustee does not receive an objection from Debtors' counsel within ten (10) days after service of such notice, the Trustee shall pay such claim in the amended amount. If the amended claim renders the Plan unfeasible, the Trustee may move to dismiss the case or to modify the Plan.

32. The Trustee is hereby authorized to exercise discretion in administering this case including, but not limited to, out-of-court resolutions of postconfirmation defaults arising from the Debtors' failure to make timely Plan Contributions.

## END OF DOCUMENT



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Order was served by ECF (as indicated below) or addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid, on the 12th day of March 2012. Pursuant to Rule 9021-(c), Local Rules of Practice of the United States Bankruptcy Court for the District of Utah, persons who appeared at the hearing, and who have not otherwise approved the Order, shall have eight (8) days from the date of service to file an objection to the form of the Order. If an objection is not timely filed, the Order shall be deemed approved, and the Court may enter the Order.

SARAH L. MATHEWS
ECF NOTIFICATION

_____/s/_____
Office Chapter 13 Trustee

### COURT SERVICE LIST

KEVIN R. ANDERSON
STANDING CHAPTER 13 TRUSTEE
ECF NOTIFICATION

SARAH L. MATHEWS
ECF NOTIFICATION

MIHAIL P. BLEGEANU
HATTIE S. BLEGEANU
6469 ROGUE RIVER LANE
SALT LAKE CITY, UT 84118

AMERICA FIRST CREDIT UNION
PO BOX 9199
OGDEN, UT 84409-0199

AMERICA'S SERVICING COMPANY
ATTENTION: BANKRUPTCY DEPARTMENT
MAC X7801-014
3476 STATEVIEW BLVD.
FOR MILL, SC 29715

RC WILLEY FINANCIAL SERVICES
PO BOX 65320
SALT LAKE CITY, UT 84165-0320